IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAMUEL OWEN and TRAVIS BEAVERS, | : : : |
| Plaintiff, | : CIVIL ACTION FILE : NO. _____ |
| v. | : : |
| GYPSY STAG, LLC d/b/a HANGOVERS BUCKHEAD and CARY R. PURCELL, | : : : |
| Defendants. _____ | : : : |

**COMPLAINT FOR BACKPAY, LIQUIDATED DAMAGES,
IMPROPER TIP-SHARING AND ATTORNEYS' FEES AND
EXPENSES UNDER THE FAIR LABOR STANDARDS ACT**

COME NOW PLAINTIFFS SAMUEL OWEN and TRAVIS BEAVERS, by and through their counsel of record, and assert their claims against Defendants GYPSY STAG, LLC d/b/a HANGOVERS BUCKHEAD and its owner, CARY R. PURCELL under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, [hereinafter "FLSA"] for unpaid minimum wages, liquidated damages, reimbursement of improperly deducted/shared tips, and reasonable attorneys' fees and expenses, showing this Honorable Court as follows:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337.  This Court also has jurisdiction pursuant to 29 U.S.C. § 201 *et seq*., the Fair Labor Standards Act ("FLSA").

2.

Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district as the Defendants reside herein, and the substantial part of the events or omissions giving rise to the claims described herein occurred in this judicial district.

## PARTIES

3.

Plaintiff Samuel Owen, a Georgia resident, is a former "bar-back" of Defendants, having been employed by Defendants between May 30, 2013 and September 26, 2015, when he voluntarily resigned his employment.  At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1).  Defendants intentionally misclassified Plaintiff as independent contractor for the duration of his employment relationship with Defendants by not paying him at least the federal minimum wages for each hour worked in a given workweek, or a premium of at least

one and one half times his regular rate for each hour worked above 40 in a given workweek.

4.

Plaintiff Travis Beavers is another former "bar-back" of Defendants, having been employed by Defendants between May 14, 2014 and March 15, 2015. At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1). Defendants intentionally misclassified Plaintiff as independent contractor for the duration of his employment relationship with Defendants by not paying him at least the federal minimum wages for each hour worked until 40 in a given workweek, or a premium of at least 1 and one half times one's regular rate for each hour worked above 40 in a given workweek..

5.

Defendant Gypsy Stag, LLC d/b/a Hangovers Buckhead ("Hangovers") is a domestic Limited Liability Company, and is therefore subject to the jurisdiction of this Court. The primary business of Defendant Hangovers is to sell food and alcohol to its patrons. At all relevant times, Defendant Hangovers has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant Hangovers may be served with process upon its Registered Agent: Cary R. Purcell, 3188 Roswell Road, Atlanta, Fulton County, Georgia 30305.

6.

Defendant Cary R. Purcell ("Purcell") is, on information and belief, a Member of Defendant Hangovers who is subject to the jurisdiction of this Court. Defendant Purcell is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), because at all relevant times he was substantially involved in the day-to-day operations and management of Defendant Hangover and its employees. Defendant Purcell may be served with process at his business address: 3188 Roswell Road, Atlanta, Fulton County, Georgia 30305.

7.

At all relevant times, Defendants were Plaintiffs' "joint employers" as that term is defined at 29 C.F.R. § 791, *et seq*.

8.

At all material times during Plaintiffs' employment, they were "engaged in commerce" as an employee of Defendants Hangovers and Purcell, as defined at 29 U.S.C. §206(a).

9.

At all material times during Plaintiffs' employment, Defendants were each an "enterprise engaged in engaged in commerce or in the production of goods for commerce," as defined at 29 U.S.C. §206(a).

10.

At all material times during since 2013, Defendants had two more "employees engaged in commerce," as defined by 29 U.S.C. §203(s)(1)(A).

11.

Since 2013, these Defendants also had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in produced for commerce by any person," as defined by 29 U.S.C. §203(s)(1)(A).

12.

During each year since 2013, Defendant Hangovers had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated), within the meaning of 29 U.S.C §203(s)(1)(A).

13.

During each year since 2013, Defendant Hangovers had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated), within the meaning of 29 U.S.C §203(s)(1)(A).

14.

During each year since 2013, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. §203(s)(1).

15.

At all times material hereto, Plaintiffs were not exempt from the minimum wage or overtime pay requirements of the FLSA by reason of any exemption.

**FACTS**

16.

Beginning on or about May 30, 2013 until February 14, 2014, Plaintiff Owen worked for Defendants as a porter 17 hours per week, for which he received no wages from Defendant. Instead, Owen received a percentage of customer tips paid to the Defendants' bar.

17.

Beginning on or about February 14, 2014, and May 14, 2014, respectively, Plaintiffs Owen and Beavers began working for Defendants as bar-backs at Hangovers.

18.

Once he became a bar-back at Hangovers on February 14, 2014, Plaintiff Owen worked, on average, 40 hours per week until April 1, 2014.

Thereafter, Owen worked five (5) days during the workweek (10 hours per day) until October 1, 2014, when he resumed a 40 hour/week schedule until his resignation on September 26, 2015.

19.

Throughout his employment with Defendants, Plaintiff Beavers worked five (5) days during the workweek, 10 hours per day (6 p.m. until 4 1.m.), and beginning in mid-July 2014, an additional 10 hours every other Sunday, averaging 55 hours per workweek.

20.

Throughout their employment with Defendants, Defendants paid Plaintiffs nothing.  Instead of paying Plaintiffs wages, Defendants instead allowed Plaintiffs to share 20 percent of customer tips paid to the bar(s) at Hangovers.  From that 20 percent of customer tips, Plaintiffs were each required to "tip-out" their porters in the amount of $70/week.

21.

Defendants did not pay Plaintiffs at least the federal minimum wage for each hour worked during any workweek throughout their employment with Defendants.

22.

Plaintiffs Owen and Beavers resigned their employments with Defendants on or about September 26, 2015 and Mach 15, 2015, respectively.

## COUNT I:

## **VIOLATION OF SECTION 206 OF THE FLSA**

23.

Plaintiffs restate the allegations contained in Paragraphs 1-22 of their Complaint as is fully set forth.

24.

At all material times, Plaintiffs were non-exempt employees of Defendants.

25.

Defendants willfully failed and refused to pay Plaintiffs at least the federal minimum wage for each hour worked during each workweek worked.

26.

Defendants knew or should have known that the FLSA applied to Plaintiffs, non-exempt employees, and that they had a duty to ensure they were paid at least the federal minimum wage for each hour they worked.

27.

As a result of Defendants' willful failure, Plaintiffs are entitled to an award of back pay in the amount of at least $7.25/hour for each hour worked, and be reimbursed the amounts they were required to pay or "tip-out" their porters in the amount of $70/week.

28.

Defendants have intentionally failed and refused to adequately compensate Plaintiffs for many hours worked at the rates required by law, and has willfully refused to do so.

29.

Defendants' conduct constitutes willful violations of Sections 206 of the FLSA, entitling Plaintiffs to all relief afforded under the FLSA.

30.

Said violations give rise to a claim for liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT II:

## VIOLATION OF SECTION 207 OF THE FLSA

31.

Plaintiffs restate the allegations contained in Paragraphs 1-30 of their Complaint as is fully set forth.

32.

At all material times, Plaintiffs were non-exempt employees of Defendants.

33.

Plaintiffs regularly worked more than 40 hours in a given workweek, but were not paid any wages for their work, nor were they paid one and one half times their "regular rate of pay" for hours worked over 40 hours in any workweek.

34.

Defendants willfully failed and refused to pay Plaintiffs their overtime premium for hours worked in excess of 40 hours in any given workweek.

35.

Defendants knew or should have known that the FLSA applied to Plaintiffs, non-exempt employees, and that they had a duty to ensure they were paid at least one and one-half times Plaintiffs' regular rate of pay for each hour worked over 40 in a given workweek.

36.

As a result of Defendants' willful failure, Plaintiffs are entitled to an award of back pay in the amount one and one-half times their regular rate of pay for each hour worked over 40 in any given workweek.

37.

Defendants have intentionally failed and refused to adequately compensate Plaintiffs for many hours worked at the rates required by law, and has willfully refused to do so.

38.

Defendants' conduct constitutes willful violations of Section 207 of the FLSA, entitling Plaintiffs to all relief afforded under the FLSA.

39.

Said violations give rise to a claim for liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiffs request:

(a) that their Complaint be read and considered;

(b) that service of process issue as authorized by law;

(c) that the Court Award Plaintiffs the value of their unpaid minimum wages, including reimbursement of monies they were forced to pay to third-parties;

(d) that the Court award Plaintiffs the value of their unpaid overtime wages;

(e) that the Court award Plaintiffs liquidated damages as authorized by law;

(f) that the Court award Plaintiffs their expenses of litigation, including their reasonably-incurred attorney's fees; and

(g) that the Court award any and such other further relief this Court deems just, equitable and proper.

        Respectfully submitted,

        */s/ Dean R. Fuchs*
        DEAN R. FUCHS
        Georgia Bar No. 279170
        STEPHEN W. BROWN
        Georgia Bar No. 290672

        Attorneys for Plaintiffs

Schulten Ward & Turner, LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-680 facsimile
drf@swtlaw.com
swb@swtlaw.com