IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAMUEL OWEN and <br> TRAVIS BEAVERS, <br><br> Plaintiff, <br><br> v. <br><br> GYPSY STAG, LLC d/b/a <br> HANGOVERS BUCKHEAD <br> and CARY R. PURCELL, <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 1:15-cv-04324-MHC |

## CONSENT ORDER

This action came before the Court and the parties having consented to and requested the entry of this Consent Order,

It Is Hereby Ordered and Adjudged as follows:

1. That Plaintiff Samuel Owen ("Owen") is to recover from Defendants, jointly and severally, the total amount of $40,000 (the "Owen Settlement Amount"), payable in monthly installments of $1,000 beginning on August 1, 2016, and monthly installment payments increasing to $2,000 beginning on May 1, 2018 until the debt is satisfied;

2. That Plaintiff Travis Beavers ("Beavers") is to recover from Defendants, jointly and severally, the total amount of $20,000 (the "Beavers

Settlement Amount") payable in monthly installments of $1,000 beginning on August 1, 2016 until the debt is satisfied;

3. That Plaintiffs' Counsel, Schulten Ward Turner & Weiss, LLP, is to recover from Defendants, jointly and severally, the total amount of $6,500 (the "Attorneys' Fees") payable within 60 days of the entry of this Order;

4. That upon entry of this Consent Order, the Clerk is **DIRECTED** to administratively close this civil action;

5. That once Defendants have paid the entire Owen Settlement Amount, the entire Beavers Settlement Amount and the entire Attorneys' Fees in accordance with the terms of this Consent Order, Plaintiffs shall file with the Court a dismissal with prejudice, dismissing this case in its entirety;

6. That if, however, Defendants do not comply with the payment terms set forth in paragraphs 1-3 of this Consent Order, including but not limited to by failing to make a timely monthly payment or by failing to render a Monthly Payment in full, Plaintiffs shall promptly provide written notice to Defendants as set forth in Paragraph 7 below, that Defendants are in default ("Notice of Default");

7. That any Notice of Default shall be provided by Plaintiffs to Defendant, by e-mail and by certified mail, with a copy to Defendants' counsel via

e-mail, stating the specific monthly payment and amount that is past due, addressed as follows:

    Defendants:                Cary R. Purcell
                                      Gypsy Stag, LLC
                                      3188 Roswell Road
                                      Atlanta, GA 30305

    Copy to Counsel:        David L. Pardue
                                      Owen Gleaton Egan Jones &
                                      Sweeney, LLP
                                      Suite 3000
                                      1180 Peachtree Street, N.E.
                                      Atlanta, Georgia 30300
                                      dpardue@og-law.com

8.    That upon delivery of a Notice of Default in accordance with Paragraph 7, Defendants will have ten (10) calendar days from the date of the Notice of Default in which to cure the default by providing payment to Plaintiffs' counsel of the full amount due for the delinquent Monthly Payment referenced in the Notice of Default;

9.    That if Defendants fail to cure the default by providing payment to Plaintiffs' counsel of the full amount due for the delinquent Monthly Payment within the ten (10) day cure period, Plaintiffs' counsel may promptly file an Affidavit with this Court, served on Defendants' counsel via e-mail and U.S. mail as set forth in Paragraph 7, above, attesting to the fact that Defendants are in default of their payment obligations under the terms of this Consent Order, and that Defendants are entitled to a final consent judgment in the amount of $90,000, less

the amounts already paid by Defendants to Plaintiffs and Plaintiffs' counsel under this Consent Order (the "Final Judgment Amount"), in a form similar to the attached exhibit, in amounts which shall accrue post-judgment interest at a rate authorized by law from date the consent judgment is entered;

10. That no sooner than five (5) days after the filing of such an Affidavit by Plaintiffs' counsel, this Court shall enter the Consent Judgment against Defendants, jointly and severally; and

11. That Defendants shall have no right to oppose the entry of final judgment of this Court, as set forth in paragraphs 9 and 10, except upon presentation of sworn testimony *and* documentary evidence that Defendants have not, in fact, defaulted on their payments to Plaintiffs pursuant to the terms of this Consent Order.

12. The Eleventh Circuit requires that settlements in cases brought under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") be supervised by the Secretary of Labor or approved by a Court. *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1352–54 (11th Cir. 1982). Before entering a stipulated judgment, the Court must determine that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Lynn's Food Stores*, 679 F.2d at 1354.

The proposed payments identified above reflect a reasonable compromise of a *bona fide* dispute regarding Defendants' FLSA liability and damages. Defendants did not concede that Plaintiffs were misclassified as independent contractors, and the Parties disputed the actual number of hours Plaintiffs worked during the relevant time period. Because the Parties disputed the total number of hours Plaintiffs worked, they also disputed the amount of damages Plaintiffs would have been entitled to if this case had gone to trial. The Parties also disputed whether the applicable statute of limitations was two years or three years and the resolution of that issue could have significantly impacted Plaintiff's available damages.

In light of these disputes regarding FLSA liability and damages, the Court finds that the compromise reached by the parties is reasonable. Under this Consent Order, Defendants are paying an amount which is more than they believe is owed to Plaintiffs, and Plaintiffs are accepting an amount less than they believe is owed in back wages and liquidated damages, however, the amount agreed upon is the result of an arm's length compromise between the Parties. Plaintiffs may have worked more or fewer hours, but, as mentioned above, many facts and legal issues remained in dispute, so this settlement represents a reasonable compromise in light of the risks posed to both parties by continued litigation. The Consent Order also provides for a payment from Defendants to Plaintiff's counsel of $6,500 for

attorneys' fees and expenses. The Court finds this amount to be reasonable since Plaintiffs' counsel actually incurred fees in excess of $14,000 (as of July 20, 2016) and expenses of litigation (as of July 8, 2016) in the amount of $512.14. The gross settlement amount is to be payable by Defendants over time, as described in Paragraphs 1-3, *supra*. Since the Plaintiffs are assuming the risk of a possible default in payments, the Parties have agreed to an enhanced consent judgment, reduced by amounts actually paid by Defendants, in the event of an uncured default in payments, which the Court also finds to be reasonable since the proposed consent judgment is unsecured.

Dated this 16th day of August, 2016.

_____
MARK H. COHEN
United States District Judge

APPROVED AND CONSENTED TO:

*/s/ David L. Pardue (by DRF w/permission)*
David L. Pardue
Georgia Bar No. 561217

Owen, Gleaton, Egan, Jones & Sweeney, LLP
1180 Peachtree Street, Suite 300
Atlanta, Georgia  30309
(404) 688-2600
dpardue@og-law.com
*Attorney for Defendants*

*/s/ Dean R. Fuchs*
Dean R. Fuchs
Georgia Bar No. 279170

Schulten, Ward Turner & Weiss, LLP
260 Peachtree Street, Suite 2700
Atlanta, GA 30303
(404) 688-6800
d.fuchs@swtwlaw.com

*Attorney for Plaintiffs*